# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent/Plaintiff, ) | |
| ) | |
| v. ) | Case No. 03 CR 10159 - 01 WEB |
| ) | |
| TROY O. LANGSTON, ) | |
| ) | |
| Petitioner/Defendant. ) | |
| ) | |

## MEMORANDUM AND ORDER

NOW before the Court is the motion of the petitioner Troy O. Langton. The defendant filed "Writ to 'Order' FCI, Texarkana not to Change my Federal Judgement and Commitment." The Court has reviewed the documents provided by the defendant, the case file, and denies the motion.

*I. History*

The defendant was placed on supervised release in the Western District of Missouri. The defendant moved to Wichita Kansas, and his supervised release was transferred to the District of Kansas. (02 CM 20045, Docket Text 1, 2). On October 27, 2003, the defendant's supervised release was revoked, and he was sentenced to serve 12 months and one day in the custody of the United States Bureau of Prisons. (02 CM 20045, Doc. 18).

The defendant was indicted on additional federal charges December 17, 2003. (03 CR 10159, Doc. 17). After a plea of guilty to Count Two of the Second Superceding Indictment, the defendant was sentenced on July 12, 2004. The defendant was ordered to serve 57 months in the

custody of the United State Bureau of Prisons. (03 CR 10159, Doc. 30). At the request of the defendant, and pursuant to the plea agreement, the court ordered 03 CR 10159 to run concurrent to 02 CM 20045. (03 CR 10159, Doc. 30, p. 2 and Doc. 26, p. 3).

On February 7, 2007, an audit was completed on the defendant's sentence computation by the Bureau of Prisons. It was discovered that the defendant had completed the sentence imposed in 02 CM 20045 on March 30, 2004, prior to judgement on the sentence in 03 CR 10159 on July 12, 2004. The defendant's sentence was de-aggregated and recalculated. (03 CR 10159, Doc. 33, p. 13). The de-aggregation resulted in the defendant's time of release changing.

*II. Discussion*

The defendant requests this court order FCI, Texarkana not to change the Federal Judgement and Commitment. It appears the defendant is asking this court to order the Bureau of Prisons to re-calculate his sentence as they had done originally, to calculate his sentence and time of release at the aggregated status. Documentation provided by the defendant shows the Bureau of Prisons miscalculated the defendant's release date initially. (Doc. 33, p. 13).

The defendant has provided facts to attempt to show that he has exhausted the administrative remedies available to him. However, speaking with his case manager and talking to an officer at the records office is not synonymous with exhausting his administrative remedies.

The Court does not consider this a request to correct an illegal sentence pursuant to 28 U.S.C. § 2255, as the defendant is not stating the sentence or his custody is illegal. This court's order to run 03 CR 10159 concurrent to 02 CM 20045 does not make the sentence illegal, although it was discovered 02 CM 20045 was expired when the defendant was sentenced on 03 CR 10159. The Court has discretion to order sentences concurrent or consecutive. 18 U.S.C. §

3584(a). The sentence of 57 months was the sentence ordered by the court, without regard to the sentence in 02 CM 20045.

The sentencing court is unable to compute good time credits or time of release, as the Bureau of Prisons has been granted that responsibility. See 18 U.S.C. 3624(b)(1). Calculation of a term of imprisonment is as follows:

> (a)  A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
> (b)  A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences -
> > (1) as a result of the offense for which the sentence was imposed; or
> > (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
> that has not been credited against another sentence.  18 U.S.C. § 3585

*III.  Analysis*

In a habeas corpus case out of Oklahoma, the defendant challenged the computation of his release date. Defendant was sentenced concurrently with any sentence outstanding. The defendant understood the meaning of the order of concurrent sentencing to mean that his second sentence would relate back to the commencement of the first sentence, so it would have no effect on his initial expiration date. The court did not accept the defendant's interpretation. The court determined pursuant to 18 U.S.C. § 3568, current version at 18 U.S.C. 3585 (1984), a federal sentence begins to run on the date when the person is received at the institution of the service of his sentence or when he is committed to a jail to await transportation, with credit for jail time served. The second sentence could not commence prior to his sentencing date. *Selvate v. Day*, 430 F.

Supp. 826 (D.C.Okl. 1977).  This court finds this is the case here.  The defendant cannot have the judgment on 03 CR 10159 relate back to the date of his judgement on 02 CM 20045 when his sentence in 02 CM 20045 had expired prior to sentencing in 03 CR 10159.

The defendant has not stated any grounds under which this court has jurisdiction in regards to defendant's complaint.  The defendant is not alleging an illegal sentence or illegal custody, and it does not appear the defendant is requesting the court to amend the sentence.  If so, the defendant cites no authority which would grant this court to amend a final judgment.  Further, if this court had jurisdiction to amend the final judgment, the court would not do so.  It appears the defendant is requesting this court to order the Bureau of Prisons to change his release date, or change how they have calculated his release date.  The defendant has not cited any authority that gives this court jurisdiction over the Bureau of Prisons.

*IV.  Conclusion*

This court finds the defendant has not exhausted his administrative remedies available to him.  The court finds this court is without jurisdiction to order the Bureau of Prisons to change the way they calculate the defendant's release date.  The court further finds that the sentence is a legal sentence, irregardless of the court's order for concurrent sentences.  The expiration of the first sentence, 02 CM 20045, does not effect the 57 month sentence.

IT IS ORDERED FOR THE REASONS SET FORTH ABOVE that the defendant's motion for relief (Doc. 33) be DENIED.

IT IS SO ORDERED this 21st day of June 2007, at Wichita Kansas.

s/Wesley E. Brown  
Wesley E. Brown  
U.S. Senior District Judge